No. ——

First Circuit

---

FISETTE v. MUTUAL LIFE INS. CO.

---

(June 28, 1927. Opinion and Decree.)
(October 6, 1927. Rehearing Refused.)
(See 4 La. App. 430 and 162 La. 620, 110 So. 880.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Insurance—Par. 177; Evidence—Par. 230.
Under Civil Code, Article 2276, parol evidence may be used to prove fradulent concealment on the part of the insured whose application stated policy not to take effect until first premium paid during continuance of good health, where insured was in bad health when first payment was made.

2. Louisiana Digest—Insurance—Par. 80.
Insurance policy is null and void for fraudulent concealment on part of insured when paying first premium while in poor health contrary to the terms of agreement in application for insurance. Premium is returned.

Appeal from the Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by Marie S. Fisette against Mutual Life Ins. Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

R. Lee Garland, of Opelousas, attorney for plaintiff, appellee.

Sandoz & Sandoz, of Opelousas, attorneys for defendant, appellant.

LECHE, J. This appeal was heard at the spring session of this court, held in Opelousas in 1926, and was decided in June, 1926. A writ of review was granted therein by the Supreme Court and our decision was reversed in November, 1926. See Fisette vs. Mutual Life, etc., 162 La. 620, 110 So. 880. The case is fully stated in the opinion of the Supreme Court, and in our own decision published in 4 La. App. 430.

Our former decision was based entirely on the defense that the application to re-establish the policy and the medical examination held thereunder, formed part of the contract of insurance and that

the evidence showed fraudulent conceal-ment in that medical examination, suffi-cient to avoid the whole contract.

· The Supreme Court, in its opinion, held that we were in error in considering the application to re-establish the policy and the medical examination thereunder, as forming part of the contract, and upon that ground reversed our finding of law. The Supreme Court then remanded the case to this court.

It is not conceivable that the case was remanded simply to enable us to perform the perfunctory duty of entering a de-cree. Mr. Justice Thompson's dissent shows that the majority members of the court did not so intend. The court, in its opinion, says:

"Aside from the alleged false statements of the insured in his application for estab-lishing or placing the policy in force, which we now hold could not be used in defense of this suit, the question of lia-bility of the company was not decided ·by the Court of Appeal."

Wherefore, in order to pass finally on the question of the liability of the com-pany, the case was again placed on the docket of this court, and was reargued.

The insurance company now urges the defense that when the premium was paid, August 7, 1924, insured was to his own knowledge not in good health, and under the clause in the original application, that the policy "shall not take effect unless and until the first premium shall have been paid during my continuance in good health", the policy never did take effect.

Although this defense was not passed upon by this court in its former opinion, as it then appeared unnecessary for a de-cision of the case, it was nevertheless made in the answer, at page 3, where "defendant alleges on information and be-lief that Fisette was not in good health when the policy was delivered and the first premium paid as required by the application".

The rule of law, Art. C. C. 2276, exclud-ing parol evidence offered to contradict or vary written acts, supported by the numerous authorities cited in argument, presents no good reasons why this alle-gation, which on its face shows deception and fraudulent concealment on the part of the insured, may not be proved by parol evidence. It was a material con-dition in the original application for the policy, and though the written application itself may have been filed in good faith by the insured, the alleged defense charges an act of fraudulent concealment which was only subsequently committed. Indeed, it could not otherwise be proved. Such evidence in no manner contradicts or varies the terms of the written contract. The fact charged in this defense is proved by the testimony in the record. That tes-timony may not have been offered solely to establish this defense, but it was never-theless admissible for the purpose and it is part of the record. When Dr. Pavy told insured in July, 1924, that he was a very sick man and unless he did something for himself he would die within the year, in-sured had not yet paid the premium on the policy, and it follows that when he did pay he knew, as a matter of fact, that he was not in the "continuance" of his good health.

This is fatal to plaintiff's demand and that demand should therefore be refused.

For these reasons the judgment ap-pealed from should be avoided and re-

versed and the premium deposited by defendant in the registry of the court recognized as belonging to plaintiff, and it is so ordered.